## H. G. ANDERSON v. UPPER CUYUNA LAND COMPANY.[1]

April 20, 1916.

Nos. 19,798—(182).

**Findings sustained by evidence.**

1. The evidence in the record is sufficient to support the findings of fact.

**Contract — exclusion of evidence of conversations preceding execution.**

2. The court did not err in refusing to admit oral evidence of conversations between the parties had before the written contract was executed. The writing was complete and unambiguous.

**Decision sustained by evidence.**

3. The conclusions of law and order for judgment are sustained by the findings of fact.

[1]Reported in 157 N. W. 581.

Note.—As to when a real estate broker is considered as procuring cause of sale see, generally, note in 44 L.R.A. 321, on the question when several brokers are employed, see notes in 44 L.R.A. 337, 23 L.R.A.(N.S.) 164, 27 L.R.A.(N.S.) 195.

For a general discussion of the parol evidence rule, see note in 17 L.R.A. 270.

Action in the district court for Hennepin county to recover $6,885 for labor and services rendered by plaintiff to defendant at its request as a broker in the sale of 27,540 acres of land. The case was tried before Molyneaux, J., who when plaintiff rested denied defendant's motion to dismiss the action, made findings and ordered judgment in favor of plaintiff for $157.85. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*G. H. Smith,* for appellant.

*O'Brien, Young & Stone,* for respondent.

SCHALLER, J.

On August 12, 1913, the defendant, by its president, Clyde W. Preston, entered into a written contract with the plaintiff. The contract provided that if plaintiff should make a sale of a certain tract of land situated in Aitkin county, Minnesota, the defendant would pay to the plaintiff a commission of twenty-five cents an acre if sold for $250,000, or, if sold for less, a total commission of $5,000 on the whole tract, or for the sale of any portion of the tract a commission of not less than twenty-five cents an acre.

On the same day and after the execution of the contract, the plaintiff introduced to Preston one Arthur O. Bolen, a land broker. Bolen stated that he was not a purchaser, but that he believed he could dispose of the land. Negotiations between Bolen and Preston resulted in the purchase by the former of a tract containing 631.40 acres of land. Through the efforts of Bolen and with the assistance of Preston, the remainder of the land was sold, some of it to private parties and the rest to a syndicate of which both Bolen and Preston were members. The plaintiff never effected or procured a sale of any part of the land except the 631.40 acres sold to Bolen by Preston.

The court found the facts substantially as above and ordered judgment in favor of the plaintiff for $157.85, with interest. Plaintiff moved for a new trial, which motion being denied he appeals.

The appellant presents three points for consideration: (1) That the evidence does not sustain the findings of fact; (2) that the court erron-

eously ruled on the admission of testimony; (3) that the conclusions of law are not supported by the findings of fact.

1. The evidence in the record is sufficient to support the findings of fact. It fairly appears that both parties knew that Bolen was a broker, that he did not himself propose to purchase the land and that he thought that he as broker could handle the deal. The finding that plaintiff was not the effective or procuring cause of any sale other than the one to Bolen personally is sufficiently supported by the evidence.

2. Appellant earnestly argues that conversations had between himself and Preston prior to the execution of the contract should be admitted for the purpose of showing the situation at the time the contract was reduced to writing. The circumstances were not such as to warrant the admission of oral testimony, and the court correctly excluded it. The written contract was complete and clear. It contained no ambiguity. Northwestern Fuel Co. v. Boston Ins. Co. 131 Minn. 19, 154 N. W. 515; 1 Dunnell, Minn. Dig. § 3399; Dunnell, Minn. Dig. Supp. § 3399.

3. The conclusions of law and order for judgment are sustained by the findings of fact.

The order denying the new trial is affirmed.